IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN SCHAMBACH,
LEE ANN SCHAMBACH,
CHARLES DEFILIPPO and
NANCE L. DEFILIPPO,

    Plaintiffs,

v.                                       Civil Action No. 5:05CV98
                                                        (STAMP)

FEDERAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY**

I.   Background

This is a bad faith insurance action against Federal Insurance Company ("Federal") arising out of a claim for securities fraud against Federal's insured METS, Inc. Plaintiffs, Brian Schambach, Lee Ann Schambach, Charles DeFilippo and Nance L. DeFilippo, originally brought this bad faith claim in the Circuit Court of Ohio County, West Virginia. On July 20, 2005, the defendant filed a notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a).[1] On August 16, 2005, the plaintiffs filed a motion to remand, to which the defendant filed a response and the plaintiffs filed a reply. The parties have filed a report of their Rule 26(f)

---

[1] The defendant does not contend that the plaintiffs' complaint presents a federal question under 28 U.S.C. § 1331.

planning meeting, but no scheduling order has been established pending a decision on the plaintiffs' motion to remand.

For the reasons set forth below, this Court finds that the plaintiffs' motion for remand must be granted.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See id.

Accordingly, the burden of establishing that the plaintiffs' damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). This Court has consistently applied the "preponderance of evidence" standard to determine whether defendant have met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a

preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When considering the amount in controversy requirement of § 1332(a), ethical considerations are also relevant. In Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the court noted that an attorney's duty of candor imposed by Rule 11 of the state's rules of civil procedure should prevent the plaintiff's attorneys from using deceptive practices to avoid federal court jurisdiction. Consequently, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

Finally, it is a long-standing principle that amount in controversy is determined at the time the complaint was filed. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353

3

(1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, if a post-removal event destroys the basis for removal jurisdiction available when the complaint was filed, a motion to remand should be denied. See Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998); St. Paul Mercury, 303 U.S. at 292.

IV. Discussion

In their motion to remand, the plaintiffs do not deny that diversity exists, but argue that the defendant has not sufficiently demonstrated that the amount in controversy has been satisfied for jurisdictional purposes. The plaintiffs contend that the defendant has not alleged specific facts necessary to support removal. The defendant responds that plaintiffs have stated they suffered $500,000.00 as a result of the insured's violations of securities laws, and argues that the damages allegedly suffered in the underlying action demonstrate that the amount in controversy has been met in this action. Moreover, the defendant argues that plaintiffs seek both compensatory and punitive damages, and have made no representation in their motion to remand or elsewhere that the amount in controversy is less than $75,000.00. The plaintiffs reply that their refusal to sign a stipulation limiting damages to $75,000.00 has no bearing on whether the defendant has demonstrated that the requisite amount in controversy has been met.

4

After careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. at 932, 938 (S.D. W. Va. 1996). Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00. The fact that the plaintiffs allege $500,000.00 in damages in their underlying action does not, without more, support removal jurisdiction based on amount in controversy in this action.

Finally, the plaintiffs' refusal to enter into an agreement with the defendant limiting damages to $75,000.00 does little to support the defendant's position that the amount in controversy exceeds $75,000.00. While a plaintiffs' willingness to sign a binding, pre-removal stipulation limiting damages may be probative in showing a claim does not amount to the jurisdictional minimum, the refusal to sign such an agreement does not establish the requisite amount in controversy. Gramc v. Millar Elevator Co./Schindler, 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998). Under the

defendant's theory, the plaintiffs could be forced into the unfair choice of either signing a binding, post-removal stipulation created by the defendant or giving up their right to try their action in state court.  This could impermissibly favor the defendant's interest in litigating in federal court above the plaintiffs' interest in remaining in the forum of their choice. Accordingly, this Court declines to adopt the defendant's rationale concerning the plaintiffs' refusal to sign a binding stipulation limiting damages, and finds that such evidence is not conclusive in determining whether the amount in controversy has been shown to exceed the jurisdictional minimum by a preponderance of the evidence.

Accordingly, the plaintiffs' motion to remand must be granted at this time.  Nothing prevents the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable.  28 U.S.C. § 1446(b).[2]

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further

---

[2] This Court recognizes that defendant may not remove this action on the basis of diversity more than one year after commencement of the action.  28 U.S.C. § 1446(b).

6

ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:   November 15, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE